IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DeJESUS COLLINS, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. CCB-22-1173 |
| DPSCS, *et al.*, | * |
| Defendants. | * |

\*\*\*

## MEMORANDUM OPINION

Self-represented plaintiff DeJesus Collins, an inmate presently incarcerated at North Branch Correctional Institution in Cumberland, Maryland, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against the Maryland Department of Public Safety and Correctional Services ("DPSCS"), Officer Hoover, and unnamed DPSCS Transportation Officers. ECF No. 1.  Construed liberally, Collins's complaint alleges that defendants violated his rights under the Unites States Constitution and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 ("ADA"), when they failed to transport him in a handicap vehicle and failed to buckle his seatbelt.  *Id.* at 3-4.  After the transport vehicle struck a police car, Collins suffered neck and back injuries.  *Id.*  He seeks $800,000 in damages.  *Id.*

DPSCS and Officer Hoover filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  ECF No. 23.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed Collins that the failure to file a memorandum in opposition to the dispositive motion could result in dismissal of the complaint.  ECF No. 24.  Although Collins twice sought, and was granted, an extension of time in which to file his response, he filed nothing further. *See* ECF Nos. 25, 26, 27, 28.

Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, DPSCS and Officer Hoover's motion will be granted, and the complaint will be dismissed without prejudice for failure to exhaust administrative remedies. As the unnamed DPSCS Transportation Officers were not served with the complaint, the claims against them will also be dismissed without prejudice.

## Background

Collins alleges that on June 1, 2021, Officer Hoover and another transportation officer were transporting him to Annapolis, Maryland for a court appearance when the Division of Correction ("DOC") van in which he was riding struck a police car. Complaint, ECF No. 1 at 3. Collins claims that because he suffers from avascular necrosis and Crohn's disease, he requires the use of a wheelchair and handicap van pursuant to the ADA. *Id.* However, on the day of the collision, defendants did not use a handicap van, nor did they secure Collins with a seat belt. *Id.* As a result, Collins suffered neck and back injuries, and was taken to a hospital. *Id.*

According to DPSCS and Officer Hoover, Collins did not file an Administrative Remedy Procedure ("ARP") grievance regarding the June 1, 2021, incident until February 6, 2022. *See* ARP, ECF No. 23-7 at 3. Because the grievance was not received within the established time frame, the ARP was dismissed for procedural reasons. *Id.* Although Collins subsequently appealed to the Inmate Grievance Office ("IGO"), he did not provide a copy of his appeal to the DPSCS Commissioner or proof that the Commissioner received or responded to any appeal. *Id.* at 1-2. The IGO granted Collins additional time in which to submit the missing documents, but he did not do so. *Id.*; Decl. of IGO Exec. Dir. F. Todd Taylor, Jr., ECF No. 23-9 at ¶¶ 4, 5.

2

**Standards of Review**

DPSCS and Officer Hoover move to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment. The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). When the parties present and the court considers matters outside the pleadings on a Rule 12(b)(6) motion, the court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The court "should not weigh the evidence." *Perkins*, 936 F.3d at 205

(quoting *Anderson*, 477 U.S. at 249).  However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper.  *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, this court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party."  *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

## Analysis

Construed liberally, Collins's complaint alleges that defendants violated the Eighth Amendment and the ADA when they failed to transport him in a handicap van despite his medical conditions.  Collins's claims, however, are subject to dismissal pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e because they have not been properly presented through the administrative remedy procedure.  The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253

4

(4th Cir. 2004). Moreover, the Fourth Circuit has previously "conclude[d] that [an] ADA claim . . . [is] subject to the PLRA's exhaustion requirement." *Fauconier v. Clarke*, 966 F.3d 265, 274 (4th Cir. 2020).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Nevertheless, a claim that has not been exhausted may not be considered by this court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. __, 136 S. Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 725, 729 (2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). But, the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials."

5

*Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). The Supreme Court stated in *Ross* that an administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" 136 S. Ct. at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Thus, an inmate must complete the prison's internal appeals process, if possible, before bringing suit. *See Chase*, 286 F. Supp. 2d at 529-30. As a prisoner, Collins is subject to the strict requirements of the exhaustion provisions. *See Porter*, 534 U.S. at 528 (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth*, 532 U.S. at 741.

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the IGO against any DOC official or employee. Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S.") § 10-206(a). However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional ARP process, before filing a grievance with the IGO. *See* C.S. § 10-206(b). There is an established administrative remedy procedure process that applies to all Maryland prisons. Code of Maryland Regulations ("COMAR") 12.02.28.01, *et seq.* Therefore, when the ARP process provides a possible remedy, it must be followed and completed before an inmate may file a grievance with the IGO.

DPSCS has made an ARP process available to Maryland State prisoners for "inmate complaint resolution." *See generally* C.S. §§ 10-201 *et seq.*; COMAR 12.07.01.01B(1) (defining ARP). A grievance must be submitted to the Warden within 30 days of the underlying incident.

6

COMAR 12.02.28.09B. If the ARP is denied, the prisoner has 30 days to file an appeal with the Commissioner of Correction. If the Commissioner of Correction denies an appeal, the prisoner has 30 days to file a grievance with the IGO. OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. When filing with the IGO, a prisoner is required to include copies of the following: the initial request for administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04B(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Here, Collins failed to completely pursue his administrative remedies with regard to the claims he now raises. Although he submitted an ARP regarding the June 1, 2021, incident, he did not do so until over eight months later, on February 6, 2022. Moreover, after the ARP was dismissed for procedural reasons, it does not appear that Collins noted an appeal to the Commissioner, but instead sent his grievance directly to the IGO. After the IGO granted him additional time in which to submit the required documents, he failed to do so. Based on this record, Collins did not properly follow the ARP process, and his claims are unexhausted.

As discussed above, the PLRA requires that inmates exhaust all available remedies. Because Collins failed to do so, his claims shall be dismissed without prejudice.[1]

---

[1] In any event, Collins's ADA claims cannot proceed against Officer Hoover and the unserved individual defendants because the proper defendant in an ADA suit is the public entity itself. *See* 42 U.S.C. § 12131(1) ("[t]he term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government"); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999) (upholding the dismissal of ADA claims against individuals because Title II recognizes a cause of action only against public entities, not private individuals).

**Conclusion**

For the foregoing reasons, DPSCS and Officer Hoover's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is granted. The complaint is dismissed without prejudice for failure to exhaust administrative remedies.[2] A separate Order follows.

| | |
|---|---|
| 8/15/2023 | /s/ |
| Date | Catherine C. Blake <br> United States District Judge |

---

[2] In light of this ruling, the court need not address DPSCS and Officer Hoover's additional arguments.